IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA HERRERA,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., et al.,<br><br>　　　　　　　Defendants. | CV F 06 1512 AWI WMW<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Plaintiff's Expert Disclosure Deadline:<br>6/1/07<br><br>Defendants' Expert Disclosure Deadline:<br>7/2/07<br><br>Supplemental Expert Disclosure Deadline:<br>8/1/07<br><br>Expert Discovery Deadline:<br>10/1/07<br><br>Discovery Deadline:<br>10/1/07<br><br>Non-Dispositive Motion<br>Filing Deadline:<br>10/15/07<br><br>Dispositive Motion<br>Filing Deadline:<br>11/5/07<br><br>Pre-Trial Conference Date:<br>12/21/07 8:30 a.m. Before Judge Ishii<br><br>Trial Date: 1/15/08 8:30 a.m. |

1. Date of Scheduling Conference: May 3, 2007

2. Appearances of Counsel:

   Christopher Lampe appeared on behalf of Plaintiff.

   Mart Oller IV appeared on behalf of Defendant Wal-Mart Stores, Inc..

   Marth Charepoo appeared on behalf of Defendant Arch Chemicals, Inc.

3. The Pleadings:

   A. Summary of the Pleadings.

   Defendants removed this action from Merced Superior Court. There are no motions pending at this time.

   B. Orders Re: Amendment of Pleadings.

   No amendments are proposed at this time.

4. Factual Summary:

This case arises from Plaintiff Angelina Herrera's (Herrera") alleged contact with a pool chlorinating product manufactured by Defendant Arch Chemicals, Inc. ("Arch"). Herrera claims that on July 15, 2004, she removed a one pound bag of Arch's product from the display shelf at Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") store in Merced, California and that some of the granular product got into her eyes, causing her to sustain physical injuries requiring medical treatment. Plaintiff alleges that the incident was caused by a defect in the product and its packaging.

Arch denies that its product was defective or that it caused or contributed to Herrera's alleged injuries. Arch further denies that Herrera sustained any permanent injury as a result of exposure to its product. Additionally, Arch contends that Herrera's state tort law claims relating to the labeling and packaging of Arch's product are preempted, in whole or in part, by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C.A. §§ 136-136y ("FIFRA"), the Hazardous Materials Transportation Act, 49 U.S.C. §§ 5101 – 5127 ("HMTA"), and regulations issued pursuant thereto.

Wal-Mart denies that it was negligent in any way or that any act or omission on its part caused or contributed to Herrera's alleged injuries, and joins in the defenses asserted by Arch.

     5.     Legal Issues:

          Plaintiff disputes the legal defenses asserted by Defendants.

     6.     Consent to Magistrate Judge Jurisdiction:

          There is no consent to Magistrate Judge jurisdiction at this time.  The parties are to inform the court of the situation changes.

     7.     Discovery Plan and Cut-Off Dates:

          A.     Pursuant to F.R.Civ.P.26(b), and except as the court may order after a showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any other party."

          B.     Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

               (1)     <u>Depositions</u>:

                   a.     Each side may take no more than ten (10) depositions.

                   b.     A deposition shall be limited to one (1) day of seven (7) hours. F.R.Civ.P.30(d).

               (2)     <u>Interrogatories</u>:

                   a.     "(A)ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ." F.R.Civ.P.33(a).

          C.     Pursuant to F.R.Civ.P.26(e), the parties shall supplement their disclosures and amend their responses to discovery requests in a timely manner.

          D.     The parties are ordered to complete all discovery pertaining to non-experts on or before October 1, 2007, and all discovery pertaining to experts on or before October 1, 2007. .

          E.     The parties are directed to disclose all expert witnesses, in writing, on or before June 1, 2007 for Plaintiff and July 2, 2007 for Defendants, and all supplemental expert witnesses, in writing, on or before August 1, 2007.  The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder.**  Failure to designate experts in compliance with this Order may result in the

court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

8. Pre-Trial Motion Schedule:

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before October 15, 2007, and are heard on the second and fourth Thursdays of the month at 1:30 p.m. in Courtroom No. 8 on the Sixth before the Honorable William M. Wunderlich, United States Magistrate Judge. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. Additionally, Local Rule 5-133(f) requires courtesy copies in excess of 25 and/or 50 pages be provided to the court**.

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local 6-144(e). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a written request to so appear is presented to Magistrate Judge Snyder's Courtroom Deputy Harriet Herman no later than five (5) court days prior to the noticed hearing date. If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility of the moving party(ies) to make prior arrangements for the conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.

All Dispositive Pre-Trial Motions shall be filed on or before November 5, 2007, and are heard on Mondays at 1:30 p.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge. In scheduling such motions, counsel shall comply with **Local Rule 78-230**.

9. Pre-Trial Conference Date:

1   December 21, 2007, at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the
2   Honorable Anthony W. Ishii, United States District Judge.
3   Ten (10) days prior to the Pretrial Conference, the parties shall exchange the
4   disclosures required pursuant to F.R.Civ.P. 26(a)(3).
5   The parties are ordered to file a **JOINT Pretrial Statement pursuant to Local Rule**
6   **16-281(a)(2).**  The parties are further ordered to submit a digital copy of their Joint Pretrial
7   Statement in WordPerfect 11[1] format to Judge Snyder's chambers by e-mail to
8   AWIOrders@caed.uscourts.gov.
9   Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of
10  Practice for the Eastern District of California as to the obligations of counsel in preparing for the
11  Pre-Trial Conference.  **The Court will insist upon strict compliance with those Rules**.
12  10. Trial Date:
13  January 15, 2008 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the
14  Honorable Anthony W. Ishii, United States District Judge.
15  A. This is a jury trial.
16  B. Counsels' Estimate of Trial Time:
17  The parties anticipate that five trial days will be required.
18  C. Counsels' attention is directed to **Rule 16-285 of the Local Rules** of Practice for
19  the Eastern District of California.
20  11. Settlement Conference:
21  The parties have discussed the possibility of settlement and good faith settlement
22  efforts are continuing.   Should the parties desire a Settlement Conference, they will jointly request
23  one of the Court, and one will be arranged.  In making such a request, the parties are directed to
24  notify the Court as to whether or not they desire the undersigned to conduct the Settlement
25  Conference or to arrange for one before another judicial officer.
26  ─────────────
27  [1] If WordPerfect 11 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is
28  acceptable.

1      12.     Request for Bifurcation, Appointment of Special Master, or other Techniques to
2 Shorten Trial: Neither party requests bifurcation.
3      13.     Related Matters Pending:
4           This matter is not related to any matter pending in this or any other Court, including
5 any bankruptcy court.
6      14.     Compliance with Federal Procedure:
7           The Court requires compliance with the Federal Rules of Civil Procedure and the
8 Local Rules of Practice for the Eastern District of California.  To aid the Court in the efficient
9 administration of this case, all counsel are expected to familiarize themselves with the Federal Rules
10 of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep
11 abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is
12 to efficiently handle its increasing caseload.  Sanctions will be imposed for failure to follow the
13 Rules as provided in both the Fed.R.Civ.P. and the Local Rules.
14      15.     Compliance with Electronic Filing Requirement:
15           On January 3, 2005, the United States District Court for the Eastern District of
16 California became an electronic case management/filing district (CM/ECF).  Unless excused by the
17 Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in
18 all actions pending before the court.
19 While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed
20 by pro se litigants, and the official court record in all cases will be electronic.  Attorneys are required
21 to file electronically in pro se cases. More information regarding the Court's implementation of
22 CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's
23 Amended Local Rules effective January 3, 2005, the Court's CM/ECF Final Procedures, and the
24 Court's CM/ECF User's Manual.
25           While the Clerk's Office will not refuse to file a proffered paper document, the
26 Clerk's Office will scan it and, if improperly filed, notify the Court that the document was filed in an
27 improper format.  An order to show cause (OSC) may be issued in appropriate cases regarding an
28 attorney's disregard for the

1  requirement to utilize electronic filing, or other violations of these electronic filing procedures.  See
2  L.R. 11-110, L.R.
3  5-133(d)(3).
4     If counsel has not already done so, counsel **must** register for CM/ECF as soon as
5  possible.  On-line registration is available at www.caed.uscourts.gov.  Once registered, counsel will
6  receive a login and password in approximately one (1) week.  Counsel must be registered to file
7  documents on-line.  See L.R. 5-135(g).  Counsel are responsible for knowing the rules governing
8  electronic filing in the Eastern District.  Please review the Court's Local Rules effective January 3,
9  2005, available on the Court's web site.
10    16. Effect of this Order:
11     The foregoing Order represents the best estimate of the Court and counsel as to the
12  agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved
13  for this case.  If the parties determine at any time that the schedule outlined in this Order cannot be
14  met, counsel are ordered to notify the Court *immediately* so that adjustments may be made, either by
15  stipulation or by subsequent status conference.
16     Stipulations extending the deadlines contained herein will not be considered unless
17  they are accompanied by affidavits or declarations and, where appropriate, attached exhibits which
18  establish good cause for granting the relief requested.
19     **FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE**
20  **IMPOSITION OF SANCTIONS.**
21  IT IS SO ORDERED.
22  **Dated: May 8, 2007**     /s/  William M. Wunderlich
               UNITED STATES MAGISTRATE JUDGE
23
24
25
26
27
28